UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

THOMAS TRAVERS and
BARBARA TRAVERS,

                              CASE NO.:

    Plaintiffs,

-VS-

NAVIENT SOLUTIONS INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiffs, Thomas Travers ("Thomas") and Barbara Travers, ("Barbara"), (collectively "Plaintiffs") by and through the undersigned counsel, and sue Defendant, Navient Solutions Inc, ("Navient"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Navient from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.    The alleged violations described herein occurred in Charlotte County. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.    Plaintiffs are natural persons, and citizens of the State of Florida, residing in Charlotte County, Florida

10.   Plaintiffs are "consumer" as defined in Florida Statute § 559.55(8).

11.   Plaintiffs are "alleged debtors."

12.   Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.   Defendant, Navient, is a corporation which was formed in Delaware with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. The debt that is the subject matter of this Complaint is a "student loan debt" as defined by Florida Statute §559.55(6).

15. Navient is a "creditor" as defined in Florida Statute §559.55(5)

16. Plaintiff, Thomas, is the subscriber, regular user and carrier of the cellular telephone number (941) ***-1023 and Plaintiff, Barbara, is the subscriber, regular user and carrier of the cellular telephone number (863) ***-1468; thus, were the called party and recipient of Defendant's calls.

17. Navient called Plaintiffs on their cellular telephones approximately one-thousand (1000) times since June 2015, in an attempt to collect an alleged debt.

18. Navient attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

19. Upon receipt of the calls from Navient, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (765) 637-0793, (317) 550-5596, (202) 899-1316, (202) 899-1316, (202) 899-1317, (202) 899-1318, (202) 899-1322, (202) 899-1333, (617) 762-5955, (856) 242-2501, (607) 215-7706, (716) 707-3275, (716) 707-3275, (513) 914-4611, (513) 914-4613, (615) 432-4230, (386) 269-0328, (512) 354-2002, (615) 432-4230, (386) 269-0328, (570) 904-8748, (302) 261-5793, (512) 354-2002, and when those numbers are called, a pre-recorded message answers "Thanks for calling Navient. This call may be monitored and or recorded for quality purposes. Please enter your nine digit social security number, or hold for the next available representative."

20.   Upon information and belief, some or all of the calls that Navient made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received, and because when they answered a call, Plaintiffs received pre-recorded messages from Defendant.

21.   Not a single call placed by Navient to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

22.   On or about June 2, 2015, Navient began bombarding Plaintiffs' cellular telephones (863) ***-1468 and (941) ***-1023 in an attempt to collect on a student loan debt that their granddaughter acquired. While Thomas did co-sign on said debt for the granddaughter, Barbara did not; thus, Barbara does not currently have any account nor business relationship with Navient.

23.   On or about June 2, 2015, Plaintiffs started receiving calls from Navient to the aforementioned cellular numbers, which continued every month through the date that this Complaint was filed.

24.   On or about April 23, 2016, Plaintiffs' granddaughter fell behind on her monthly student loan obligation.

25.   On or about July 19, 2016, Thomas answered a call from Defendant to his aforementioned cellular telephone number, held the line and was eventually connected to

a live representative, and informed an agent/representative of Navient, "Call Chelsea, these are her student loans. She is making the payments." Whereupon, Thomas demanded that they cease calling his aforementioned cellular telephone number.

26. During the aforementioned call on or about July 19, 2016 with Navient's agent/representative, Thomas unequivocally revoked any express consent Navient may have mistakenly believed they had for placement of telephone calls to Plaintiffs aforementioned cellular telephone numbers by the use of an automatic telephone dialing system or pre-recorded or artificial voice.

27. Each subsequent call Navient made to Plaintiffs' aforementioned cellular telephone numbers were done so without the "express consent" to the Plaintiffs.

28. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

29. Additionally, on or about August 22, 2016 Barbara explained to Navient's agent/representative, on countless occasions, that the student loan debt belonged to their granddaughter, and that the granddaughter would make the necessary payments upon obtaining a job. Furthermore, Barbara again demanded that Navient cease all calls to both her and Thomas's cellular telephones.

30. Furthermore, on or about August 22, 2016, Thomas, also answered a call from Defendant, met with an extended pause, was eventually connected to a live agent of Navient, and informed the agent/representative of Navient, he had previously informed them not to call his cellular phone, and again demanded that they stop calling his

aforementioned cellular telephone number as well as stop calling Barbara's cellular phone.

31. From approximately June 2015 through the filing of this Complaint, or at such time as will be determined after a thorough review of Navient's records, Navient has called Plaintiffs' aforementioned cellular telephone on a daily basis, despite Plaintiffs' request for the calls to stop.

32. Due to the amount of automated calls Plaintiffs received from Navient to their cellular telephone, they were not able to properly catalogue each and every one; however, attached hereto as Exhibit "A" is a small sampling of the calls Plaintiffs received.

33. Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephone in this case.

34. Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephone in this case, with no way for the consumer, Plaintiffs, or Navient, to remove the number.

35. Navient's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to Navient they wish for the calls to stop.

36. Navient has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

37. Navient has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

38. Navient has had numerous complaints from consumers across the country against it asking to not be called; however, Navient continues to call the consumers.

39. Navient's corporate policy provided no means for Plaintiffs to have their number removed from Defendant's call list.

40. Navient has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

41. Navient willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

42. From each and every call placed without consent by Navient to Plaintiffs' cell phone, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

43. From each and every call without express consent placed by Navient to Plaintiffs' cell phone, Plaintiffs suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Navient's calls.

44. From each and every call placed without express consent by Navient to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that

reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

45. Each and every subsequent call placed without express consent by Navient to Plaintiffs' cell phone was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by Navient to Plaintiffs' cell phone resulted in the injury of unnecessary expenditure of Plaintiffs' cell phone's battery power.

47. Each and every call placed without express consent by Navient to Plaintiffs' cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

48. Each and every call placed without express consent by Navient to Plaintiffs' cell phone resulted in the injury of a trespass to Plaintiffs' chattel, namely his cellular phone and his cellular phone services.

49. As a result of the calls described above, Thomas suffered an invasion of privacy. Thomas was also affected in a personal and individualized way by sleeplessness, panic attacks, sleep issues such as Sleep Apnea, and Plaque Psoriasis (skin condition).

50. As a result of the calls described above, Barbara suffered an invasion of privacy. Barbara was also affected in a personal and individualized way by stress, anxiety, sleeplessness, chest pains and pressure, sleep issues such as Sleep Apnea, and severe gastrointestinal problems.

## COUNT I
### (Violation of the TCPA)

51. Plaintiffs fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

52. Navient willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' cellular telephone after Plaintiffs notified Navient that they wished for the calls to stop.

53. Navient repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Navient for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

54. Plaintiffs fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

55. At all times relevant to this action Navient is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. Navient has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

57. Navient has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

58. Navient's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Navient for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Georgia Bar #: 617963
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*